IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL A. POST, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-3230 |
| HARTFORD INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                **SEPTEMBER 14, 2005**

  Presently before this Court is Defendant Hartford Insurance Company's ("Hartford") Amended Motion to Strike Supplemental Exhibits filed by Plaintiff Carol A. Post ("Post") in Opposition to Hartford's Motion for Summary Judgment. For the following reasons, Hartford's Motion to Strike is granted.

**I.  RELEVANT BACKGROUND**

  This case involves a long-term disability insurance plan (the "Plan") and the refusal of Hartford to pay long-term disability benefits. Hartford's Plan explicitly gives its administrator the discretionary authority to determine eligibility for benefits and to interpret all "terms and provisions of the Group Insurance Policy." Hartford both funds and administers the benefits of the Plan.

  Post was injured in a car accident on November 27, 1993. After a relatively complex procedural history, Post currently claims that Hartford violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. by determining that she is not entitled

to long-term disability ("LTD") benefits. Hartford argues that its decision to deny Post's LTD benefits is correct and filed a Motion for Summary Judgment with this Court. Post's response to Hartford's Motion for Summary Judgment included eight exhibits, seven of which were not part of the administrative record that Hartford relied upon to determine that Post was not entitled to LTD benefits. The eight exhibits are: 1. Security Administration Notice of Decision dated August 11, 1998 (Exhibit "A"); 2. Specified Documents from Administrative Record (Exhibit "B"); 3. St. Clares - Riverside Medical Center, E.R. Report dated November 29, 1993 (Exhibit "C"); 4. Frederick A. Jones, D.C. Medical Report dated September 28, 1994 (Exhibit "D"); 5. Sri Kantha, M.D. Medical Report dated May 30, 1995 (Exhibit "E"); 6. John W. Margraf, M.D. IME Report dated October 26, 1995 (Exhibit "F"); 7. Lawrence C. Newman, M.D. Medical Report dated May 20, 2005 (Exhibit "G"); and 8. Carolyn B. Britton, M.D. Medical Report dated May 31, 2005 (Exhibit "H"). (Pl.'s Reply Br. App. to Def.'s Mot. for Summ. J.). Responding to these exhibits, Hartford filed a Motion to Strike the seven exhibits that were not part of the previous administrative record, or Exhibits A and C through H.

## II.   DISCUSSION

### A.   Standard of Review

To determinate whether Post's exhibits should be stricken, I must first establish the applicable standard to review Hartford's decision to deny Post LTD benefits. There are three choices: the highly deferential arbitrary and capricious standard, the less deferential heightened arbitrary and capricious standard, and the least deferential de novo standard. Determining and applying the standard of review in cases brought under ERISA for benefits denied is not always easy. In the seminal case on this issue, the United States Supreme Court stated that "a denial of

benefits challenged under ERISA, 29 U.S.C. § 1132(a)(1)(B) must be reviewed under a de novo standard unless the benefit plan expressly gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms." Firestone Tire & Rubber Co. V. Bruch, 489 U.S. 101, 102 (1989). In cases where an administrator exercises discretion, "trust principles make a deferential standard of review appropriate" and the Supreme Court suggested that lower courts review such exercises of discretion under the arbitrary and capricious standard. Id. at 111-12. Here, page three of Hartford's Plan explicitly gives its administrator the discretionary authority to determine eligibility for benefits and to interpret all "terms and provisions of the Group Insurance Policy." Thus, I can eliminate the de novo standard of review from consideration.

Complicating a simple choice between de novo review and arbitrary and capricious review, the Supreme Court added, "of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." Id. at 115 (internal quotation and citation omitted). Attempting to distill the Supreme Court's dicta into a workable standard, the United States Court of Appeals for the Third Circuit created a third level of review, the heightened arbitrary and capricious standard, for insurance companies, like Hartford, that both fund and administer benefits. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 378 (3d Cir. 2000). The reasoning for this third standard of review was that an insurance company funding and administering benefits is generally acting under a conflict of interest that warrants a heightened form of the arbitrary and capricious standard of review. Id. Both Post and Hartford

agree that "the Plan triggers the heightened arbitrary and capricious standard of review."[1] (Def.'s Reply Br. 3). Post and Hartford, however, disagree about how this heightened arbitrary and capricious standard of review impacts my ability to view new evidence that was not considered by the plan administer.

**B.    Introduction of New Evidence**

Of course, deciding to use a slightly heightened form of arbitrary and capricious review is easier than applying it. As the Third Circuit stated:

> We acknowledge that there is something intellectually unsatisfying, or at least discomforting, in describing our review as a heightened arbitrary and capricious standard. . . . The routine legal meaning of an arbitrary and capricious decision is . . . a decision without reason, unsupported by substantial evidence or erroneous as a matter of law. Once the conflict becomes a factor however, it is not clear how the process required by the typical arbitrary and capricious review changes. Does there simply need to be more evidence supporting a decision, regardless of whether that evidence was relied upon?

Pinto, 214 F.3d at 392 (internal quotations omitted). Furthermore, when reviewing an ERISA benefits denial under the arbitrary and capricious standard, the administrative record before the plan administrator cannot be supplemented during litigation. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997). Unhappy with this intellectual discomfort, the Third Circuit added that "we can find no better method to reconcile Firestone's dual commands than to apply the arbitrary and capricious standard, and integrate conflicts as factors in applying that standard,

---

[1] Had the parities not agreed, I would have found that the "heightened" form of review applied utilizing the sliding scale basis that enables me to "review [] the merits of the interpretation to determine whether it is consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of beneficiaries." Pinto, 214 F.3d at 391 (quoting Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 87 (4th Cir. 1993)). Employing the sliding scale approach, I take into account the following factors in deciding the severity of the conflict: (1) the sophistication of the parties; (2) the information accessible to the parties; (3) the exact financial arrangement between the insurer and the company; and (4) the status of the fiduciary, as the company's financial or structural deterioration might negatively impact the "presumed desire to maintain employee satisfaction." Pinto, 214 F.3d at 392. Applied here, only the second factor could weigh against applying the "heightened" form of review.

approximately calibrating the intensity of our review to the intensity of the conflict." Pinto, 214 F.3d at 393.  The Third Circuit concluded that they "will expect district courts to consider the nature and degree of apparent conflicts with a view to shaping their arbitrary and capricious review of the benefits determinations of discretionary decisionmakers." Id.

In carefully scrutinizing any allegations that Hartford erred in the manner in which it reviewed Post's claim for LTD benefits, as such errors that might confirm Post's contention that there was a conflict of interest, I may consider evidence of potential biases and conflicts of interest that are not found in the Hartford administrator's record.  Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004).  Other circuits have been equally limiting in terms of the type of new evidence district courts are permitted to consider when reviewing the conduct of a plan administrator.  Evidence of bad faith, evidence showing that the plan administrator wilfully ignored relevant evidence, evidence tending to show that the plan administrator's decision was arbitrary and capricious may be considered even if it was not previously presented in the administrative record.  See, e.g. Tremain v. Bell Indus., Inc. Long Term Disability Ins. Plan, 190 F.3d 970 (9th Cir. 1999) (evidence outside administrative record may be considered by court for purposes of determining whether plan administrator's decision was affected by its conflict of interest); Elliot v. Sara Lee Corp., 190 F.3d 601 (4th Cir. 1999) (even under the deferential standard of review, evidence of administrative bias remains relevant); Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 290 (5th Cir. 1999) ("[E]vidence related to how an administrator has interpreted terms of the plan in other instances is admissible . . . [and] . . . evidence, includeing expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim would be equally admissible. . . .").

In moving to strike Post's new evidence, Hartford argues that the new exhibits are not evidence of bias or a conflict of interest. I agree. Post alleges that Hartford's conflict of interest corrupted its decision to deny her claim as evidenced by Hartford's reliance upon the opinion of its non-treating physicians over Post's treating physicians. Cohen v. Standard Ins. Co., 155 F.Supp. 2d 344, 352 (E.D. Pa. 2001). According to Post, Drs. Britton, Field-Munves, Harris, Kauffman, Margraf, Mulford, Newman, Portenoy, and Rentler all opined that Post suffered from a debilitating condition and was disabled, while only a non-treating physician, Dr. Malievskaia, provides medical support for denying Post LTD benefits. Post argues that the new medical evidence should be submitted to corroborate Post's existing medical record and show that the plan administrator was acting pursuant to a conflict of interest by discrediting Post's treating physicians.

Post's argument, however, too broadly expands the definition of evidence offered to prove a conflict of interest. Once again, the general rule is clear: when reviewing an ERISA benefits denial under the arbitrary and capricious standard, the administrative record before the plan administrator cannot be supplemented during litigation. Mitchell, 113 F.3d at 440. Firestone and its progeny created a heightened arbitrary and capricious review exception that allows Post to submit evidence that Hartford was denied her claim pursuant to a conflict of interest. Pinto, 214 F.3d at 393. Post's new evidence does not contain evidence that Hartford's Plan administrator was acting pursuant to a conflict of interest. The new evidence goes solely to the issue of her disability as it consists entirely of medical records and the Social Security Administration Notice of Decision that she either failed to produce to the plan administrator or that did not exist when the plan administrator made its decision to deny her LTD benefits.

Hartford also argues that it would be unfair for me to consider Post's new evidence. Again, I agree. I find two questions helpful for determining whether new evidence should be considered for the first time by a district court: 1) why was the evidence not submitted to Hartford's plan administrator?; and 2) is the evidence cumulative or simply better evidence? Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017 (4th Cir. 1993) (en banc); Casey v. Uddeholm Corp., 32 F.3d 1094 (7th Cir. 1994); Donatelli v. Home Ins. Co., 992 F.2d 763 (8th Cir. 1993); Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938 (9th Cir. 1995). These questions focus on Congress' desire that ERISA trustees, not the federal courts, be responsible for their actions and that the participants must provide a clear record of administrative action if litigation should ensue. Meza v. Gen. Battery Corp., 908 F.2d 1262 (5th Cir. 1990).

First, Post does not offer any reason for why Exhibits A, C, D, E, and F were not submitted to Hartford's plan administrator. Exhibits A, C, D, E, and F are medical records that existed at the time Hartford's administrator determined Post was not entitled to LTD benefits. In fact, the last of these exhibits was created in October, 1995. Post was in a position to submit these exhibits to Hartford prior to its final determination, but failed to do so. This is especially true considering Hartford's January 4, 2002 request that Post submit any and all information that she believed supported her claim for disability within 60 days of its decision that Post was no longer entitled to LTD benefits. (HLI01286).

Second, Exhibits G and H, letters from Post's treating physicians created on May 20, 2005 and May 31, 2005 respectively, appear to be cumulative for different reasons. Post states that Exhibit H, the May 31, 2005 letter from Dr. Britton, is included to show the consistency of

7

Dr. Britton's clinical judgment. The record reviewed by the Hartford plan administrator already contained Dr. Britton's clinical judgment, thus Dr. Britton's more recent letter is not necessary. Post offers Exhibit G, the May 20, 2005 letter from treating physician Dr. Newman, as further evidence of a treating physician who found that Post was unable to work and entitled to LTD benefits. Dr. Newman began his treatment of Post approximately six months after Hartford made its decision not to award Post LTD benefits. Thus, his opinion of her entitlement to benefits is cumulative and of little relevance.

### III.   CONCLUSION

Accordingly, Post's Supplemental Exhibits A, C, D, E, F, G, and H must be stricken from the record. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL A. POST, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-3230 |
| HARTFORD INSURANCE COMPANY, | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this 14th day of September, 2005, having considered Defendant Hartford Insurance Company's ("Hartford") Amended Motion to Strike Supplemental Exhibits filed by Plaintiff Carol A. Post ("Post") in Opposition to Hartford's Motion for Summary Judgment (Doc. No. 40), Post's Memorandum in Opposition, and Hartford's reply thereto, it is hereby **ORDERED** that Hartford's Amended Motion to Strike (Doc. No. 40) is **GRANTED**.

BY THE COURT:


  /s/ Robert F. Kelly
**ROBERT F. KELLY,            SR. J.**